Judge Cabell.
The appellee having made her will, and becoming dissatisfied with some of its arrangements, was desirous to change the particular distribution of her property, but not to change the nature of the instrument by which it had been made; and, independently of all other evidence in the cause, the answer of the appellant incontestably proves, that he received no instructions to prepare a deed. The appellee still wished to make a will, although different in its dispositions from the one *191 she had before made; and she executed the deed prepared by the appellee, without a knowledge of its real nature, and in the belief that it was a will. This case is not analogous to that of Conolly v. Lord Howe, and the Countess of Buckinghamshire v. Conolly.(a) There the only evidence relied upon, to defeat the deed, was the subsequent declarations of the grantor that she had been imposed upon j and it was very properly rejected, particularly when opposed, as it was, by other declarations of the same person made before the execution of the deed, and calculated, from their nature, to produce a very different effect. The case now before the court bears a much nearer resemblance, in many of its circumstances, to the case of Wilkinson v. Brayfield, and Woodhouse v. Brayfield.(b) There “the defendant Brayfield had, by means of an attorney, prevailed on Elizabeth Corie to levy a fine of some houses j and to execute a deed leading the uses thereof to Brayfield and his heirs ; and it was proved that she, at the time of levying the fine, declared she must make use of some friend’s name in trust; and afterwards, by will, declared she had levied such fine only in trust, and the better to enable her to dispose of the estate; and thereby devised it to Wilkinson and his heirs, subject to the payment of her debts ; and, although Brayfield proved a great familiarity and friendship between them, and that she had declared he should have her estate ; yet, it was decreed, not only that the estate should be liable to the creditors’ debts, but that Bray-field should convey the estate to the devisee Wilkinson and his heirs.”
On a full view of all the circumstances of the case now to be decided, I am compelled to believe that the deed sought to be set aside was executed through mistake on the part of the appellee, and obtained by fraud on the part of the appellant. I am therefore for affirming the decree of the chancellor.
Judge Roane.
The appellant admits in his answer’ *192 that he was sent for by the appellee to do some writing for her, and that she told him when he went to her that s}je wished to give her estate to her children in a different manner from what she had before done by her will. This “ different manner,” standing singly, would be taken to relate, rather to a varying disposition of her property, than to a change of the nature of the instrument by which that alteration was to be effected ; and the “ writing,” which the appellant says he was requested to do, does by no means necessarily import that it was to be by deed. Standing, therefore, solely on the admission of the appellant in his answer, it does not appear that the appellee contemplated a deed in the origin óf this business ; it is admitted, on the contrary, by the appellant, that the idea of a deed was first started by himself. This statement is fully corroborated by other testimony showing that the appellee only contemplated a will, and was much surprised to find that a deed, instead of a will, had been executed by her. The testimony as to the surprise is very strong; and, therefore, I infer that, both before and after the deed was executed, nothing but a will was contemplated by the appellee. If, at an intermediate time, viz. that of the execution of the deed, the appellee deliberately changed her mind in this particular, the appellant must regret his own indiscretion in sending out the witnesses who might have proved it. This .case, therefore, seems analogous to the case cited from 2 Vern. 303. merely giving to the previous declarations in this .ease the effect of cotemporaneous ones, under a total absence of testimony as applying to the time of the contract. The declarations in the case before us are very strong to import a surprise on the part of the appellee, and it is proved (to make the case stronger) that Mrs. Comer had acknowledged that'the appellee sent a request to Mr. Jones to come and make her will. On the ground of these declarations, therefore, under all the circumstances of the case, and without giving any opinion upon *193 the competency of subsequent declarations, abstractedly taken, to fix a fraud on the appellant, I am of opinion that both decrees are correct, and ought to be affirmed.
Judge Fleming concurred, and both decrees were affirmed by the unanimous opinion of the court.

 5 Ves. jun 700.

 2 Vern. 307